UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN C. CARTER,
    Plaintiff,

vs.                                          Case No.:  3:22cv23538/LAC/ZCB

NAPLES JAIL CENTER,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, a former inmate of the Naples Jail Center proceeding *pro se*, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1).  On November 22, 2022, the Court ordered Plaintiff to either pay the $402.00 filing fee or file a properly completed *in forma pauperis* (IFP) motion within thirty days.  (Doc. 5).  The Court directed the Clerk of Court to send Plaintiff the correct set of IFP forms and notified Plaintiff that failure to comply with the Court's order would result in a recommendation of dismissal of the case.  (*Id.*).

Plaintiff did not file an IFP motion or pay the filing fee within the time allowed.  Therefore, on January 23, 2023, the Court ordered Plaintiff to show cause, within thirty days, why the case should not be dismissed for failure to comply with an order of the Court.  (Doc. 6).  The Court again notified Plaintiff that failure to comply with the Court's order would result in a recommendation of dismissal of the case.  (*Id.*).

The Court sent the order to Plaintiff at his record address, the Naples Jail Center. On February 21, 2023, the Jail returned the order to the Court indicating the mail was being returned as undeliverable. (Doc. 7). The Clerk of Court attempted to find a forwarding address for Plaintiff through the Bureau of Prisons and Naples Jail Center inmate locator, but was unsuccessful. (*Id.*).

At the outset of this case, Plaintiff was sent a "Notice to Pro Se Litigant" that specifically informed him that he was required to advise the Clerk of Court of any change in his mailing address. (Doc. 4). Plaintiff's failure to update his address does not excuse his failure to comply with Court orders. *See, e.g.*, *Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming dismissal when the plaintiff's failure to receive and comply with a court order was a result of the plaintiff's failure to keep the court apprised of his current address); *McDowell v. Ham*, No. 5:09cv31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing the case because Plaintiff had been on notice of his duty to advise the court of any change in his mailing address and had failed to do so).

The deadline for compliance with the show cause order has passed, and Plaintiff has not paid the filing fee, filed an IFP motion, or otherwise responded. *See* N.D. Fla. Loc. R. 41.1 (stating that the Court may "dismiss a claim, enter a default on a claim, [and] take other appropriate action" when a party fails to comply with a

court order). Defendant has also failed to update his address as required for *pro se* litigants. Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the Court.

At Pensacola, Florida, this 8th day of March 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**